Davis, P. J.
The summons and complaint in this case' were duly served on defendant under an order of publication in the Island of Cuba, where she has resided for several years. The complaint charges adultery committed by the *610 defendant with one Dr. Francesco Magdalena at Baracoa in the Island of Cuba, while she was on a visit to that island in June, 1881. The parties were then residents of this state, residing in Brooklyn, where the plaintiff carried on business. They were married at Baracoa in June, 1879, where the defendant’s parents then lived and still live.
After the return of the defendant from her visit to Baracoa, the plaintiff intercepted letters addressed to her from Baracoa, which aroused suspicions of his wife’s unfaithfulness. Several letters of that character came into his possession before he charged her with her misconduct. She then confessed her guilt and the plaintiff ceased to cohabit with her. She afterwards wrote to him a full confession of her guilt, stating the same in detail and acknowledging his right to a divorce, but throwing herself upon his mercy. The plaintiff refused to condone or pardon her crime, and shortly afterwards she returned to her parents in Cuba, the plaintiff remaining and still residing in Brooklyn. When this action was commenced the papers for service therein were delivered to one George W. Way-man, captain of the steamer Saxon, a vessel plying between New York and Cuba, who was personally well acquainted with the defendant. To him were also given the written confession of defendant and the various letters that had passed between the defendant and Dr. Magdalena. Capt. Wyman visited the defendant at the residence of her parents in Curacoa, served the papers in the action, and in a long, interview with her in the presence of her friends exhibited to her the various letters and other matters, as well as her written confession. She acknowledged to him their authenticity, and stated that her confession was true, and further in substance, that she was willing to make every atonement to her husband in her power and to aid him in procuring a divorce to which he was entitled. She also made and gave to Capt. Wyman an additional written confession, acknowledging her guilt as stated in her former confession. There were several other circumstances proved tending to show the -.carrespondence of the guilty parties and its criminal nature. The plaintiff was frilly examined, and denied all collusion between himself and his wife, and gave proof of such other facts, as may, under the rules be proved by the testimony of the plaintiff on such an action. The special term denied the decree of divorce on the ground that the confessions of the defendant were not sufficiently corroborated. In this determination we think the learned justice erred. The confessions' of the defendant in such an action are always admissible in evidence, but to avoid the danger of collusion, the court before granting the decree, will require such *611 corroboration of the confessions as to remove all just suspicion of collusion. When that is satisfactorily done the confessions become a sufficient basis for adjudgment of divorce. In this case the competency of the confessions is undoubted. The circumstances under which they were made tended strongly to remove all suspicion of collusion. The plaintiff had already separated himself from his wife on suspicion of her infidelity caused by the letters he had intercepted. Those letters aroused just suspicion. He had presented them to her, and she acknowledged them as letters addressed to her by her paramour; and afterwards she voluntarily wrote and sent to him a confession in detail of her guilt, Her conduct was manifestly governed by a deep sense of contrition for her offense, and a hope that her husband might pardon and restore her to his confidence.
Long after her return to her parents in Cuba, on being served with the papers commencing the action, she repeated her confession and acknowledged the genuineness of the correspondence between herself and Dr. Magdalena. The correspondence itself was abundantly corroboratory of her confession. It is impossible to read it without being satisfied that the relations of the writers had been too intimate to admit belief of innocence. The genuineness of some of the letters was sufficiently proved also by the fact they were intercepted after the arrival and before delivery to her, and that they bore the foreign postage stamp marks indicating whence they had been sent. These facts coupled with her admissions that they were written by Dr Magdalena, were sufficient to admit them in evidence against her. Her own letters were not only acknowledged by her as genuine, but her handwriting was distinctly proved by a witness familiar with it. The letters being thus admissible, their contents became evidence highly corroboratory of the truth of her confessions.
The rule in such cases is well stated by Gibson, C. J., in Matchin v. Matchin (2 Penn., 332), in these words: “It is a rule of policy not to found a sentence of divorce on confession alone. Yet when it is full, confidential, relevant, free from suspicion of collusion and corroborated by circumstances it is ranked with the safest of proofs.”
There are a number of cases in the books in which confessions have been taken as sufficient evidence “where ” as said by Bishop (vol. 2, § 248), “the circumstances are such as to repel all suspicion of collusion, and leave in the hands of th° court no doubt of the truth of the confessions.”
In Billings v. Billings (11 Pick., 461), there was no other evidence but a letter written by the husband who had been living for fourteen years in another state, to his wife which stated that he had nved with another woman by whom he *612 had children, but expressing penitence and a desire to be reconciled to his wife. The court held that the circumstances repelled collusion, and granted the decree on the confession of the letter alone.
In Tucker v. Tucker (11 Jurist [Eng.], 893) the confession of the wife was confirmed by letters received by her from her paramour and by declarations made by her at a subsequent period. Dr. Lushington held the proof of guilt sufficient, and granted the decree.
Williams v. Williams (L. R., 1P. & D., 29), Le Marchant v. Le Marchant (45 L. J. Rep., P. & D., 43), are strong cases showing under what circumstances admissions or confessions in writing may be sufficient.
There is in the case before us undoubted proof that the confessions were made; that they were clear and distinct; and that they were sincere and not collusive; and they are corroborated by the correspondence by letters of the guilty parties.
We think the court should have confirmed the report of the referee and granted judgment for the plaintiff.
The order must, therefore, be reversed, and judgment of divorce awarded.
Daniels and Brady, JJ., concur.